UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 24-1283 (CFC) (EGT) |

**RESPONDENT'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF**

Respondent CF Taurus (US) LLC ("Respondent") respectfully requests leave to file the attached five-page Sur-Reply Brief ("Sur-Reply") in Opposition to Petitioners' Petronas Azerbaijan (Shah Deniz) and Petronas South Caucasus's (together, "Petitioners") Reply Memorandum of Law in Further Support of Petitioners' Cross-Motion to Compel Compliance with the Subpoena, D.I. 26 ("Reply").

Pursuant to Local Rule 7.1.2, parties may submit additional papers after briefing is complete only with the Court's approval. *See St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013). "The Court may grant leave to file a surreply if it responds to new evidence, facts, or arguments." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (citing *St. Clair*, 291 F.R.D. at 80). Further, the Third Circuit has cautioned against a district court's reliance on new arguments or evidence presented for the first time

in a reply brief.  *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) ("There is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant.") (citation omitted).

Petitioners' Reply and the accompanying new declaration from Petitioners' counsel, D.I. 27 ("Reply Declaration") violate Local Rule 7.1.3(c)(2) because they contain new arguments and new facts that were not included in their opening brief. L.R. 7.1.3(c)(2) (2007) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). Specifically, the Reply argues that Petitioners "now have reason to believe that Respondent's affiliate *did* invest in the Arbitration."  Reply 8–9.  In making this new argument, the Reply and Reply Declaration detail payments apparently made by CF Taurus (Cayman) Ltd., an affiliate of Respondent, to Therium Litigation Finance Atlas AFP IC ("Therium AFP IC") from December 7, 2020, through December 10, 2023.  *See* Reply 9; Reply Decl. ¶ 3.  Petitioners then state that Therium AFP IC is one of the entities that paid Mr. Paul Cohen, one of the counsel to the Sulu Claimants.  *See* Reply 9; Reply Decl. ¶ 4.  Using this evidence, raised for the first time in the Reply, Petitioners then suggest that Respondent's counsel's representations were false and "at a minimum, incomplete."  Reply 9–10.

Petitioners do not dispute that this information is being raised for the first time in Petitioners' Reply and Reply Declaration. *See* Reply Br. 9 n.3 ("CF Taurus cannot be heard to complain that this is being raised 'for the first time' here."). This information is not contained in Petitioners' application, their supporting declarations, the cross-motion to compel, or any of their briefing. While Petitioners allege that these payments from Therium AFP IC to Mr. Cohen were unknown at the time the application was filed, *see* Reply Decl. ¶ 7, this does not excuse their violation of the Local Rules or to allow introduction of such new material in their Reply, leaving Respondent with no ability to respond.

Granting leave to file a sur-reply in such circumstances is appropriate. *See, e.g.*, *St. Clair*, 291 F.R.D. at 80 (granting plaintiff's motion for leave to file a sur-reply that "explain[ed] Plaintiff's view of the newly presented evidence" and would "allow the Court to more fully and fairly evaluate Defendants' pending motion to dismiss"); *Belden Techs., Inc. v. LS Corp.*, 2010 U.S. Dist. LEXIS 70424, at *2–4 (D. Del. July 14, 2010) (permitting the plaintiff to file a 5 page sur-reply); *Empower Brands LLC v. Tristar Prods., Inc.*, No. CV 23-01225-RGA, 2024 WL 5090532, at *2 (D. Del. Dec. 12, 2024) ("I may grant leave to file a sur-reply if the sur-reply responds to new facts, evidence, or arguments raised for the first time in a reply brief.").

Pursuant to District of Delaware Local Rule 7.1.1, the undersigned counsel hereby certifies that Respondent met and conferred with counsel for Petitioners about the substance of this motion and learned that Petitioners will oppose the relief set forth herein.

For the foregoing reasons, Respondent respectfully requests that the Court grant Respondent leave to file the attached Sur-Reply.

Dated: March 28, 2025

Respectfully submitted,

LANDIS RATH & COBB LLP

*/s/ Jennifer L. Cree*
Jennifer L. Cree (No. 5919)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
cree@lrclaw.com
robertson@lrclaw.com

OF COUNSEL:

Duane L. Loft*
Brianna Hills Simopoulos*
Jingxi Zhai*
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
duane.loft@pallasllp.com
brianna.simopoulos@pallasllp.com
jingxi.zhai@pallasllp.com

*Attorneys for CF Taurus (US) LLC*

*Admitted pro hac vice*