IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | ) <br> ) <br> ) C.A. No. 24-1283 (CFC) <br> ) <br> ) <br> ) |

## OPPOSITION TO RESPONDENT'S
## MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF

Petronas Azerbaijan (Shah Deniz) and Petronas South Caucasus (collectively, "**Petitioners**"), by and through their undersigned counsel, submit this opposition to Respondent CF Taurus (US) LLC's ("**Respondent**") Motion for Leave to File a Sur-Reply Brief ("**Motion**"). Respondent's Motion should be denied for three reasons.

*First*, Respondent complains that Petitioners presented "new material" in their reply memorandum of law in further support of Petitioners' Cross-Motion to Compel Compliance with the Subpoena ("**Cross-Motion**") regarding the investment by Respondent's affiliate in the Arbitration. However, the material is not "new"—evidence of payments from CF Taurus (Cayman) Ltd. ("**CF Taurus Cayman**") to Therium Litigation Finance Atlas AFP IC (the entity that paid the Sulu Claimants' lawyer) is in the possession, custody, and control of Respondent. Indeed, Respondent had represented that CF Taurus Cayman had not invested in the Arbitration. (D.I. at 23 ¶ 15, Ex. D.) If Respondent had bothered to search for responsive documents, it would have been aware of this investment, and the parties could have discussed said investment during the meet-and-confer process. In fact, Respondent could have provided an explanation that, if adequate, may have obviated the need for these proceedings. But Respondent's Motion now raises more questions than it purports to answer regarding CF Taurus Cayman's investment in the Arbitration.

*Second*, Respondent contrived an argument that no evidence post-dating the filing of Petitioners'1782 Application ("**Application**") could be considered by the Court in assessing whether proceedings were in reasonable contemplation at the time the Application was filed. (D.I. 17 at 13.) To avoid unnecessary argument, Petitioners abided by that restriction, but Respondent did not. Instead, Respondent introduced evidence post-dating the Application in its reply further supporting its Motion to Quash and Vacate and in opposition to Petitioners' Cross-Motion. Specifically, Respondent attached a *general* Litigation Overview from Luxembourgish counsel dated after the filing of the Application and continued to assert that Petitioners had not yet filed the proceedings in Spain and Luxembourg. (D.I. 24 at 6, 8–10.) As such, Respondent opened the door to rebuttal evidence post-dating the Application, and thus is not entitled to further argument on this point, especially where Respondent will have that opportunity at oral argument.

*Finally*, Respondent certified that, pursuant to District of Delaware Local Rule 7.1.1, it met and conferred with counsel for Petitioners about the substance of the Motion. Respondent did no such thing. Instead, Respondent's counsel *emailed* Petitioners' counsel stating that Respondent intended to submit a motion for leave to file a sur-reply to address the purported "new facts and arguments raised in [Petitioners'] reply brief and supporting declaration." *See* Declaration of J'Naia L. Boyd dated April 2, 2025, Ex. A. This email is insufficient to constitute a meet and confer. Indeed, Rule 7.1.1 requires "oral communication that involves Delaware counsel for any moving party and Delaware counsel for any opposing party," which did not occur. Del. L. R.7.1.1. Accordingly, Respondent's Motion should be dismissed on this basis alone per Rule 7.1.1.

In light of the foregoing, this Court should deny Respondent's Motion in its entirety or dismiss the Motion pursuant to Rule 7.1.1.

|  |  |
|---|---|
| Dated: April 2, 2025 | BAKER & HOSTETLER LLP |

/s/ Jeffrey J. Lyons
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4222
jjlyons@bakerlaw.com

Oren J. Warshavsky
Gonzalo S. Zeballos
J'Naia L. Boyd
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
owarshavsky@bakerlaw.com
gzeballos@bakerlaw.com
jlboyd@bakerlaw.com

*Attorneys for Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l*